STEVEN T. GUBNER – Bar No. 156593
JASON B. KOMORSKY – Bar No. 155677
JESSICA L. BAGDANOV – Bar No. 281020
ASHLEY M. TEESDALE – Bar No. 289919
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:    sgubner@bg.law
          jkomorsky@bg.law
          jbagdanov@bg.law
          ateesdale@bg.law

Attorneys for Plaintiff

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>METALLIC BLUE DEVELOPMENT LLC,<br><br>Debtor. | Bankr. Case No. 2:22-bk-16483-WB<br><br>Chapter 7<br><br>Adv. Case No. _____ |
| ALL CLAIMS RECOVERY GROUP LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>NEDA AZIZISEFAT, an individual; GRACIOUS RIDGE LLC; RYEGATE CLIFFS LLC,<br><br>Defendants. | **COMPLAINT** |

Plaintiff All Claims Recovery Group LLC ("Plaintiff"), in its own right and on behalf of the bankruptcy estate (the "Estate") of Metallic Blue Development LLC (the "Debtor"), complaining of Defendants Neda Azizisefat, an individual, Gracious Ridge LLC and Ryegate Cliffs LLC (collectively, the "Defendants"), alleges as follows:

1

## NATURE OF ACTION

1. This is an adversary proceeding brought pursuant to Part VII of the Federal Rules of Bankruptcy Procedure to recover certain transfers made by the Debtor to the Defendants and related relief.

2. Plaintiff is informed and believes, and based thereon alleges, that Defendants received transfers from the Debtor as detailed described in the attached Exhibits 1, 2, and 3 (the "Transfers"). In exchange for the Transfers, the Defendants did not provide any benefit to the Debtor; to the extent that services were provided in exchange for these transfers, that the services benefitted a third party and not the Debtor. Therefore, Debtor did not receive reasonably equivalent consideration for the Transfers.

3. In the alternative, Plaintiff asserts that to the extent that certain of the Defendants received transfers within the 90-days preceding the Petition Date (or, if that Defendant is determined to be an insider, within the one-year preceding the Petition Date), those transfers were made to a creditor on account of an antecedent debt and permitted the recipient to receive more than they would have in a chapter 7 liquidation, and as such, these transfers are avoidable as preferential transfers.

4. Plaintiff seeks entry of a judgment avoiding the transfers at issue pursuant to 11 U.S.C. §§ 544, 547, and/or 548 and recovering the Transfers pursuant to 11 U.S.C. § 550, and disallowing any claim of the Defendants, including pursuant to 11 U.S.C. § 502(d), until Defendants pay the transfers at issue in full to the Plaintiff.

5. To the extent that any of the Defendants has filed a proof of claim or has a claim listed on Debtor's schedules as undisputed, liquidated and non-contingent, or has otherwise requested payment from Debtor (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Estate's right to object to such Claims for any reason, including, but not limited to any grounds set forth in Sections 502(a) through (j) ("Section 502") of Title 11 of the United States Code (the "Bankruptcy Code"), and such rights are expressly reserved. Notwithstanding the reservation of rights set forth above, certain relief pursuant to Section 502 is sought by the Plaintiff herein as further stated below.

2

3031047

Case 2:25-ap-01025-WB    Doc 1    Filed 01/31/25    Entered 01/31/25 14:17:58    Desc
Main Document    Page 3 of 18

## STATEMENT OF JURISDICTION, VENUE AND PROCEEDINGS

1. The Bankruptcy Court ("Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (O).

2. Venue properly lies in this judicial district in that the civil proceeding arises under title 11 of the United States Code as provided in 28 U.S.C. §§ 1408 and 1409.

3. This adversary proceeding arises out of the Debtor's bankruptcy case. The Court has constitutional jurisdiction to enter a final judgment in this adversary proceeding. To the extent the Court does not have constitutional jurisdiction to enter a final judgment, the Trustee consents to the Court entering a final judgment in this proceeding.

## THE PARTIES

4. Plaintiff All Claims Recovery Group LLC is a California limited liability company and is the designee of Blue Orchid Concepts LLC ("Blue Orchid"). As Blue Orchid's designee, and as described herein, Plaintiff has standing to prosecute any and all claims belonging to the bankruptcy estate of the Debtor by virtue of 11 U.S.C. § 541.

5. Defendant Neda Azizisefat ("Azizisefat") is an individual who regularly conducts business in the Central District of California.

6. Defendant Ryegate Cliffs LLC ("Ryegate") is a California limited liability company formed on or about January 2, 2020.

7. Defendant Gracious Ridge LLC ("Gracious Ridge") is a California limited liability company formed on or about January 2, 2019.

8. Azizisefat is the managing member and/or owner of both Ryegate and Gracious Ridge and controlled both Ryegate and Gracious Ridge at all relevant times. Therefore, on information and belief, the Plaintiff asserts Azizisefat controlled Ryegate and Gracious Ridge and received the benefit of funds provided to Ryegate and Gracious Ridge.

///
///
///

3031047

# GENERAL ALLEGATIONS

## A. Procedural Background

9. On November 28, 2022 (the "Petition Date"), a chapter 7 involuntary petition was filed against Metallic Blue Development LLC (the "Debtor") by Blue Orchid Concepts LLC or its designee ("Blue Orchid") and the other petitioning creditors John Gonda, Pauline Poon, Vijay A. Vakulabharanam, Satish Nair, Steve Ng, and Phoebe Ng.

10. On February 1, 2023, the order for relief ("Order for Relief") against the Debtor was entered, and on February 7, 2023, Timothy J. Yoo was duly appointed as chapter 7 trustee (the "Trustee"), in which capacity he continues to serve.

## B. Historical Background

11. The Debtor was formed in 2018 as a California limited liability company managed by Brian Dozier. The Debtor operated as a real estate investment and development company. Its business model was to manage the purchase, renovation or repositioning, and sale of real property in Southern California.

12. In total, the Debtor invested in or managed over 30 separate real estate projects. In a few instances the Debtor held title to the real property in its own name, but in most cases title was held in the name of a related or affiliated entity and the Debtor acted as manager or held some ownership interest in the title-holder.

13. To fund its business, the Debtor relied upon investors, which consisted primarily of several hundred "mom-and-pop" individuals who provided millions of dollars of funding to the Debtor by entering into standard template investment agreements that typically promised an approximate 15% return on investment within one year. Often these agreements promised profits from specific properties. Profits from various real estate projects were either paid out to investors or rolled forward into new projects. The Debtor's investor relations were managed by Scoutpads, LLC ("Scoutpads") from 2018 and onward.

14. Unbeknownst to Scoutpads, when the Debtor received these loans, as a matter of course it would promptly transfer the funds to other entities, use the funds to purchase properties or options to purchase properties in the name of entities that were not owned by the Debtor, or otherwise

4

disburse the funds without receiving reasonably equivalent value in return. In other words, the Debtor would accept funds from a lender and then immediately or shortly thereafter transfer the loan monies while retaining the debt obligation. As a result, the Debtor's liabilities exceeded its assets as a matter of course, as such the Debtor was insolvent at all times relevant to this Complaint.

15. Beginning in or around late 2021, the Debtor's pattern of funding projects and communicating regarding progress of such projects noticeably changed. In particular, the Debtor ceased communications with Scoutpads, which prevented Scoutpads from effectively communicating with the Debtor's investors on its behalf.

16. In mid-2022, the Debtor stopped responding to investor inquiries and requests for repayment on debts due and owing as well as requests for simple status updates on individual investments. In turn, Scoutpads received numerous complaints from investors regarding the Debtor's—specifically Brian Dozier's—complete and utter failure to communicate with investors.

17. The Debtor also stopped paying Scoutpads, and as of the Petition Date, Scoutpads was (and remains) owed over $3.5 million on account of investor relations work it performed for the Debtor.

18. During this time, multiple of the Debtor's investment properties had been foreclosed upon or had been involved in bankruptcy proceedings, but the Debtor had not advised any of the relevant investors of these material updates impacting their investments. Specifically, no less than four bankruptcy cases were commenced related to properties where the Debtor had an ownership interest or was acting as manager. The Debtor employed the same attorney in the majority of these bankruptcy cases, and appears to have filed these cases as tactics to delay the respective secured creditors' inevitable collection efforts, as follows:

- *In re Sashay Sand LLC,* 2:22-bk-14332-WB (C.D. Cal.) (dismissed with a 180-day bar to refiling)
- *In re Strategic Equity Investors, LLC,* 2:22-bk-14746-BB (C.D. Cal.) (dismissed voluntarily by debtor because creditor obtained relief from the automatic stay)
- *In re Coin Connect, LLC,* 2:22-bk-13208-NB (C.D. Cal.) (dismissed for debtor's failure to participate in bankruptcy case)

3031047

- *In re Thompson Falls, LLC,* 2:23-bk-11092-DS (C.D. Cal.) (dismissed for debtor's failure to appear at 341(a) hearing)

19. In fact, as of year-end 2022, the Debtor had a negative equity value of approximately $549,300.

20. Ultimately, an involuntary petition for bankruptcy relief was filed against the Debtor, with Blue Orchid—an affiliate of Scoutpads—acting as one of the petitioning creditors.

C. **Plaintiff's Standing to Prosecute this Action**

21. After entry of the Order for Relief, the Trustee began his investigation into the business and financial affairs of the Debtor, and identified numerous recipients of potentially avoidable transfers of property belonging to the Debtor.

22. On June 14, 2024, the Court entered an order authorizing the Trustee to sell and assign any and all claims held by the Debtor's bankruptcy estate to Blue Orchid or its designee—which designee is All Claims Recovery Group, LLC. See Order Granting Chapter 7 Trustee's Motion for an Order Approving Sale and Settlement of Claims [Bk. Doc. 205] (the "Sale Order").

23. Accordingly, the Plaintiff has standing to pursue these claims for the ultimate benefit of the Debtor's estate, which estate is comprised of the numerous investors defrauded by the Debtor, among others.

D. **Defendants' Relationship with the Debtor and Transfers Received**

24. Plaintiff is informed and believes, and based thereon alleges, that Ryegate and Gracious Ridge were two of the entities that held title to and/or was a lender for various of the real properties that Debtor purportedly developed or intended to develop.

25. Ryegate and Gracious Ridge share close ties with the Debtor. The three share staff and/or members. In its business filings with the California Secretary of State for the relevant time periods, Ryegate and Gracious Ridge both list their business address as 9465 Wilshire Blvd Suite 300, which is the same as the address as the Debtor during that time period.

26. Plaintiff is informed and believes, and based thereon alleges, that Azizisefat received, or was the direct and intended beneficiary of, transfers from the Debtor totaling at least $131,916.00 as detailed in Exhibit 1, within 4 years of the Petition Date ("Azizisefat Transfers").

6

27. Plaintiff is informed and believes, and based thereon alleges, that Gracious Ridge received, or was the direct and intended beneficiary of, transfers from the Debtor totaling at least $72,000 as detailed in Exhibit 2, within 2 years of the Petition Date ("2 Year Gracious Ridge Transfers").

28. Plaintiff is further informed and believes, and based thereon alleges, that Gracious Ridge received or was the direct and intended beneficiary of, additional transfers from the Debtor totaling at least $1,295,068.89 as detailed in Exhibit 2, between 2 and 4 years preceding the Petition Date ("4 Year Gracious Ridge Transfers" and collectively with the 2 Year Gracious Ridge Transfers, the "Gracious Ridge Transfers"), which brings the total Gracious Ridge Transfers to $1,367,068.89.

29. Plaintiff is informed and believes, and based thereon alleges, that Ryegate received, or was the direct and intended beneficiary of, transfers from the Debtor totaling at least $162,950.00 as detailed in Exhibit 1, within 2 years of the Petition Date ("2 Year Ryegate Transfers," together with the 2 Year Gracious Ridge Transfers, the "2 Year Transfers").

30. Plaintiff is further informed and believes, and based thereon alleges, that Ryegate received or was the direct and intended beneficiary of, additional transfers from the Debtor totaling at least $432,810.78 as detailed in Exhibit 2, between 2 and 4 years preceding the Petition Date ("4 Year Ryegate Transfers" and collectively with the 2 Year Ryegate Transfers, the "Ryegate Transfers"), which brings the total Ryegate Transfers to $595,760.78.

31. Azizisefat is either a subsequent transferee of the Gracious Ridge and Ryegate Transfers or the person for whose benefit the Gracious Ridge and Ryegate Transfers were made.

32. Plaintiff is informed and believes, and based thereon alleges, that the Debtor did not receive reasonably equivalent value in exchange for the Transfers.

33. Several of the wire transfers evidencing the Transfers reference properties owned by third parties and in which Debtor never had a recorded ownership interest.

34. The Transfers include purported mortgage or loan payments the Debtor made to or on behalf of the Defendants for properties that were owned by a third party (or Gracious Ridge and Ryegate themselves) and in which Debtor never had a recorded ownership interest.

35. To the extent that the Defendants or any person or entity on the Defendants' behalf performed services in exchange for the Transfers, those services were for the benefit of third parties and not for the Debtor.

36. In addition to the identified Transfers, Plaintiff is informed and believes that the Debtor made payments to third parties for services that benefitted the Defendants (and not the Debtor) and/or mortgage or loan payments that the Defendants (and not the Debtor) were obligated to pay.

## FIRST CLAIM FOR RELIEF

### For Avoidance and Recovery of Fraudulent Transfers (Actual Fraud)

### Against All Defendants [11 U.S.C. §§ 544, 548 and

### California Civil Code §§ 3439.04(a)(1) and 3439.07]

37. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

38. Plaintiff is informed and believes and thereon alleges that during the four-year period immediately preceding the Petition Date, the Debtor made the Transfers to Defendants, on the dates and in the amounts set forth herein with the actual intent to delay, hinder or defraud the Debtor's creditors.

39. Plaintiff is further informed and believes and thereon alleges that during the two-year period immediately preceding the Petition Date, the Debtor made the 2 Year Transfers to Defendants, on the dates and in the amounts set forth herein with the actual intent to delay, hinder or defraud the Debtor's creditors.

40. By reason of the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. §§ 544, 548 and/or Civil Code § 3439.04(a)(1) and 3439.07.

## SECOND CLAIM FOR RELIEF

### For Avoidance and Recovery of Fraudulent Transfers (Constructive Fraud)

### Against All Defendants [11 U.S.C. §§ 544 and 548 and

### California Civil Code §§ 3439.04(a)(2) or and 3439.07]

41. Plaintiff realleges each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporates said allegations as though set forth fully herein.

42. Plaintiff is informed and believes and thereon alleges that during the four-year period immediately preceding the Petition Date Debtor made the Transfers listed herein to Defendants. Each of the Transfers made during the four-year period immediately preceding the Petition Date was made without Debtor receiving a reasonably equivalent value in exchange for such transfer and: (i) at a time when Debtor was insolvent or as a result of which Debtor became insolvent; or (ii) at a time that Debtor was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with Debtor was an unreasonably small capital; or (iii) at a time when Debtor intended to incur, or believed or should reasonably have believed that Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

43. By virtue of the foregoing, the Plaintiff may avoid the Transfers as fraudulent transfers pursuant to 11 U.S.C. §§ 544 and 548 and/or California Civil Code §§ 3439.04(a)(2) and 3439.07.

## THIRD CLAIM FOR RELIEF

**For Avoidance and Recovery of Preferential Transfers Against**

**Defendants Gracious Ridge and Ryegate**

**[11 U.S.C. § 547]**

44. Plaintiff realleges each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporates said allegations as though set forth fully herein.

45. The Plantiff is informed and believes and based thereon alleges that, within the one year preceding the Petition Date, Gracious Ridge received at least $15,200, as detailed in Exhibit 2, and Ryegate received at least $25,000 (the "Preferential Transfers").

46. Each of the Preferential Transfers and Insider Transfers constitutes a "transfer" within the meaning of 11 U.S.C. §101(54) of the Bankruptcy Code.

47. Gracious Ridge and Ryegate constitute "insiders," within the meaning of 11 U.S.C. §101(31) of the Bankruptcy Code.

48. In the alternative, the Plaintiff alleges that the Preferential Transfers were made for the benefit of a creditor of the Debtor.

49. The Plaintiff alleges that the Preferential Transfers were made for or on account of an antecedent debt owed by the Debtor before each of the Preferential Transfers were made.

50. The Plaintiff alleges that the Debtor made the Preferential Transfers while the Debtor was insolvent.

51. Pursuant to 11 U.S.C. §547(f) a debtor is presumed to be insolvent within the ninety days preceding the filing of a petition for relief.

52. The Plaintiff alleges that the Preferential Transfers were made within the one-year preceding the Petition Date.

53. The Plaintiff alleges that as a result of the Preferential Transfers, Gracious Ridge and Ryegate received more than they would have received if: (i) the Bankruptcy Case was a case under chapter 7 of the Bankruptcy Code; (ii) the Preferential Transfers had not been made; and (iii) they received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

54. By virtue of the foregoing, the Plaintiff may avoid the Preferential Transfers as preferential transfers pursuant to 11 U.S.C. § 547.

## FOURTH CLAIM FOR RELIEF

### Recovery of Avoided Transfers Against Defendants

**[11 U.S.C. §§ 544, 550(a)(1) and (2) and California Civil Code § 3439.07]**

55. Plaintiff realleges each and every allegation contained in the preceding paragraphs of this Complaint and by this reference incorporates said allegations as though set forth fully herein.

56. By reason of the foregoing, Plaintiff is entitled to recover for the benefit of the Estate the Transfers from Defendants pursuant to 11 U.S.C. §§ 544, 550(a), and/or California Civil Code § 3439.07.

## FIFTH CLAIM FOR RELIEF

### Claim Disallowance Against Defendants

**[11 U.S.C. § 502]**

57. Plaintiff realleges each and every allegation contained in the preceding paragraphs of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

58. Each of the Defendants is a transferee of transfers avoidable under Sections 544, 547, or 548 of the Bankruptcy Code and is an entity from whom property is recoverable under Section 550 of the Bankruptcy Code.

3031047

Case 2:25-ap-01025-WB    Doc 1    Filed 01/31/25    Entered 01/31/25 14:17:58    Desc
Main Document    Page 11 of 18

59. Each of the Defendants has not paid the amount of the transfers for which that Defendants is liable under Section 550 of the Bankruptcy Code.

60. Pursuant to 11 U.S.C. § 502(d), any and all Claims of the Defendants against the Debtor's Estate must be disallowed until such time as Defendants pay to Plaintiff an amount equal to the aggregate amount of all the Transfers, plus interest thereon and costs.

61. Pursuant to 11 U.S.C. § 502(j), any and all Claims of the Defendants, and/or their assignee, against the Debtor's Estate previously allowed by the Debtor or the Trustee, must be reconsidered and disallowed until such time as the Defendants pay to the Plaintiff an amount equal to the aggregate amount of all the Transfers, plus interest thereon and costs.

### SIXTH CLAIM FOR RELIEF

### Unjust Enrichment Against All Defendants

62. Plaintiff realleges each and every allegation contained in the preceding paragraphs of this Complaint and by this reference, incorporates said allegations as though set forth fully herein.

63. On information and belief, the Debtor conferred a benefit on each of the Defendants by paying the Transfers and/or paying for services that ultimately benefited the Defendants.

64. The Defendants have accepted or retained the benefits conferred upon them by the Debtor.

65. Azizisefat caused Gracious Ridge and Ryegate to receive and retain the benefits conferred upon them by the Debtor and herself received benefits from these transfers as a result of her ownership and/or control of Gracious Ridge and Ryegate.

66. Defendants' receipt and retention of the Transfers or the services is inequitable and unjust without paying the Debtor what is owed on account of those Transfers or services.

67. Accordingly, the Defendants should pay the above sums to the Debtor for the benefits unjustly conferred to those Defendants.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

A. On the First Claim for Relief, that the Transfers be avoided for the benefit of the Estate;

  B. On the Second Claim for Relief, that the Transfers be avoided for the benefit of the Estate;

  C. On the Third Claim for Relief, that the Preferential Transfers be avoided for the benefit of the Estate;

  D. On the Fourth Claim for Relief, to recover the value of the Preferential Transfers and/or the Transfers, from Defendants, for the benefit of the Estate, in the combined amount of $2,094,745.67, plus interest at the maximum legal rate from the date of the Transfers, or such other amount as shall be shown by proof at trial;

  E. On the Fifth Claim for Relief, for disallowance of Defendants' Claims against the Debtor;

  F. On the Sixth Claim for Relief, for recovery of the benefits conferred, in an amount to be proved at trial, and in at least the amount of the Transfers, for the benefit of the Estate;

  G. As to All Claims for Relief, the Plaintiff reserves the right to amend according to proof at the time of trial, and seeks:

   i. Pre-judgment interest and post-judgment interest;

   ii. Punitive and exemplary damages for all claims for which such damages may be awarded under applicable law;

   iii. Reasonable attorneys' fees and costs permitted under applicable law; and

   iv. Such other and further relief as is just and proper.

DATED: January 31, 2025     BG LAW LLP

          By: /s/ Jessica L. Bagdanov
           Jason B. Komorsky
           Jessica L. Bagdanov
           Ashley M. Teesdale
         Attorneys for All Claims Recovery Group LLC

# EXHIBIT 1

# Exhibit 1
## Transfers

| Bank Account | Type | Amount | Date | Recipient | Check Number |
|---|---|---|---|---|---|
| 9844 | Wire or ACH | $30,000.00 | 3/27/20 | Neda Azizisefat | |
| 9844 | Wire or ACH | $100,000.00 | 6/17/20 | Neda Azizisefat | |
| 9844 | Wire or ACH | $98,000.00 | 6/18/20 | Neda Azizisefat | |

| Transfer Totals | |
|---|---|
| **90-Day** | $0 |
| **1-Year** | $0.00 |
| **2-Year** | $0.00 |
| **4-Year** | $131,916.00 |

14

# EXHIBIT 2

15

Case 2:25-ap-01025-WB    Doc 1    Filed 01/31/25    Entered 01/31/25 14:17:58    Desc
Main Document    Page 16 of 18

**Exhibit 2**
**Transfers**

| Bank Account | Type | Amount | Date | Recipient | Check Number |
|---|---|---|---|---|---|
| 9844 | Wire or ACH | $20,000.00 | 11/6/19 | Gracious Ridge LLC | |
| 9844 | Wire or ACH | $10,030.00 | 11/15/19 | Gracious Ridge LLC | |
| 9844 | Wire or ACH | $5,000.00 | 12/6/19 | Gracious Ridge LLC | |
| 9844 | Wire or ACH | $25,000.00 | 12/6/19 | Gracious Ridge LLC | |
| 9844 | Wire or ACH | $150,000.00 | 1/15/20 | Gracious Ridge LLC | |
| 9844 | Wire or ACH | $80,000.00 | 1/16/20 | Gracious Ridge LLC | |
| 9844 | Wire or ACH | $38,647.00 | 1/17/20 | Gracious Ridge LLC | |
| 9844 | Wire or ACH | $12,500.00 | 2/12/20 | Gracious Ridge LLC | |
| 9844 | Wire or ACH | $5,000.00 | 3/10/20 | Gracious Ridge LLC | |
| 9844 | Wire or ACH | $2,000.00 | 3/31/20 | Gracious Ridge LLC | |
| 9844 | Wire or ACH | $1,000.00 | 3/31/20 | Gracious Ridge LLC | |
| 9844 | Wire or ACH | $23,631.25 | 4/8/20 | Gracious Ridge LLC | |
| 9844 | Wire or ACH | $63,000.00 | 4/10/20 | Gracious Ridge LLC | |
| 9844 | Wire or ACH | $10,030.00 | 5/20/20 | Gracious Ridge LLC | |
| 9844 | Wire or ACH | $100,030.00 | 6/11/20 | Gracious Ridge LLC | |
| 9844 | Wire or ACH | $13,656.25 | 6/12/20 | Gracious Ridge LLC | |
| 9844 | Wire or ACH | $9,975.00 | 6/12/20 | Gracious Ridge LLC | |
| 9844 | Wire or ACH | $131,030.00 | 6/15/20 | Gracious Ridge LLC | |
| 9844 | Wire or ACH | $5,030.00 | 6/17/20 | Gracious Ridge LLC | |
| 9844 | Wire or ACH | $72,000.00 | 6/19/20 | Gracious Ridge LLC | |
| 9844 | Wire or ACH | $60,000.00 | 7/30/20 | Gracious Ridge LLC | |
| 9844 | Wire or ACH | $9,000.00 | 7/31/20 | Gracious Ridge LLC | |
| 0473 | Check | $500.00 | 7/31/20 | Gracious Ridge LLC | 2000 |
| 9844 | Wire or ACH | $51,030.00 | 8/3/20 | Gracious Ridge LLC | |
| 9844 | Wire or ACH | $169,889.90 | 8/5/20 | Gracious Ridge LLC | |
| 9844 | Wire or ACH | $221,589.49 | 8/5/20 | Gracious Ridge LLC | |
| 9844 | Wire or ACH | $5,500.00 | 11/10/20 | Gracious Ridge LLC | |
| 9844 | Wire or ACH | $33,000.00 | 1/4/21 | Gracious Ridge LLC | |
| 9844 | Wire or ACH | $14,000.00 | 1/12/21 | Gracious Ridge LLC | |
| 9844 | Wire or ACH | $25,000.00 | 2/11/21 | Gracious Ridge LLC | |

| Transfer Totals | |
|---|---|
| 90-Day | $0 |
| 1-Year | $25,000.00 |
| 2-Year | $72,000.00 |
| 4-Year | $1,367,068.89 |

# EXHIBIT 3

17

**Exhibit 3**
**Transfers**

| Bank Account | Type | Amount | Date | Recipient | Check Number |
|---|---|---|---|---|---|
| 9844 | Wire or ACH | $1,599.00 | 8/12/2020 | Ryegate Cliffs LLC | N/A |
| 473 | Wire or ACH | $1,000.00 | 7/13/2020 | Ryegate Cliffs LLC | N/A |
| 9844 | Wire or ACH | $391,626.78 | 8/13/20 | Ryegate Cliffs LLC | N/A |
| 9844 | Wire or ACH | $13,750.00 | 10/13/20 | Ryegate Cliffs LLC | N/A |
| 9844 | Wire or ACH | $10,835.00 | 11/12/20 | Ryegate Cliffs LLC | N/A |
| 9844 | Wire or ACH | $1,000.00 | 11/16/20 | Ryegate Cliffs LLC | N/A |
| 9844 | Wire or ACH | $13,000.00 | 11/19/20 | Ryegate Cliffs LLC | N/A |
| 9844 | Wire or ACH | $15,500.00 | 12/20/20 | Ryegate Cliffs LLC | N/A |
| 9844 | Wire or ACH | $13,750.00 | 1/12/21 | Ryegate Cliffs LLC | N/A |
| 9844 | Wire or ACH | $13,750.00 | 2/12/21 | Ryegate Cliffs LLC | N/A |
| 9844 | Wire or ACH | $14,000.00 | 3/15/2021 | Ryegate Cliffs LLC | N/A |
| 9844 | Wire or ACH | $16,500.00 | 4/14/2021 | Ryegate Cliffs LLC | N/A |
| 9844 | Wire or ACH | $13,750.00 | 6/2/2021 | Ryegate Cliffs LLC | N/A |
| 9844 | Wire or ACH | $16,500.00 | 6/28/2021 | Ryegate Cliffs LLC | N/A |
| 9844 | Wire or ACH | $15,125.00 | 7/16/2021 | Ryegate Cliffs LLC | N/A |
| 9844 | Wire or ACH | $13,750.00 | 7/26/2021 | Ryegate Cliffs LLC | N/A |
| 9844 | Wire or ACH | $15,125.00 | 10/1/2021 | Ryegate Cliffs LLC | N/A |
| 9844 | Wire or ACH | $15,200.00 | 12/1/2021 | Ryegate Cliffs LLC | N/A |

| Transfer Totals | |
|---|---|
| 90-Day | $0 |
| 1-Year | $15,200.00 |
| 2-Year | $162,950.00 |
| 4-Year | $595,760.78 |

**18**